**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1692
_____

UNITED STATES OF AMERICA

v.

RICHARD GOODE,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2:10-cr-00177-002)
District Judge: Hon. Robert F. Kelly
_____

Submitted under Third Circuit LAR 34.1(a)
June 22, 2012

Before: AMBRO, VANASKIE and ALDISERT, <u>Circuit Judges</u>

(Filed: July 2, 2012)
_____

OPINION OF THE COURT
_____

ALDISERT, <u>Circuit Judge</u>.

    Richard Goode appeals from the United States District Court for the Eastern

District of Pennsylvania's denial of his motions to (1) suppress drugs police found during

a pat-down, and (2) compel the government to disclose the identity of its confidential

informant. For the reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

A.

On March 10, 2010, Goode was a passenger in a Buick driven by Mark Isley. The vehicle drove into a restaurant's parking lot. The police were watching because they knew that, earlier that day, a confidential informant had arranged to meet with Isley and Goode in that location to buy a pistol.

After Isley and Goode arrived, the informant approached the Buick, had a brief conversation through the driver's side window and then walked away, giving police the prearranged "takedown" signal to indicate that he had seen a firearm in the car. When police officers approached, Isley accelerated the car, striking two of the officers. As the vehicle came to a stop, Officer Woertz approached the passenger side and ordered Goode to get out of the vehicle. Goode refused. Officer Woertz removed Goode from the Buick, secured him on the ground and handcuffed him. Although Isley was arrested immediately for striking the police officers, Goode was not under arrest at that time.

After Goode was secured, Officer Woertz patted him down to determine whether he had a gun or other weapons. While administering the pat-down, based on his experience, Officer Woertz felt packaging sliding through Goode's pocket that was consistent with drugs. [1] Officer Woertz later testified that he recognized the package as

---

[1] Officer Woertz had been a police officer for 14 years, had been a member of the Narcotics Field Unit for five years and had made hundreds of narcotics arrests.

narcotics because he had felt similar packaging hundreds of times before when conducting pat-downs. He then reached into Goode's pocket and recovered a clear bag containing bulk cocaine, twenty-two packets of crack cocaine and four bags of heroin. The police did not find any weapons on Goode. They did recover a handgun while searching Isley.

B.

On March 25, 2010, a grand jury charged Goode with three counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and three counts of possession of a controlled substance in or near a school with intent to distribute, in violation of 21 U.S.C. § 860. Before trial, Goode moved to (1) suppress the narcotics and (2) compel the government to provide the identity of its confidential informant. Following a hearing on December 13, 2010, the District Court denied both motions. Goode pleaded guilty to three counts of possession with intent to distribute a controlled substance in or near a school. In the plea agreement, Goode preserved his right to appeal the District Court's denial of his motions. On March 11, 2011, the District Court sentenced Goode to 210 months' imprisonment, 12 years' supervised release and a special assessment of $300. Goode timely appealed.[2]

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We examine a "denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts." United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002) (quoting United States v. Riddick, 156 F.3d 505, 509 (3d Cir. 1998)). We review a denial of a motion to compel "disclosure of the confidential informant's identity for abuse of discretion." United States v. Johnson, 302 F.3d 139, 149 (3d Cir. 2002) (quoting United States v. Brown, 3 F.3d 673, 679 (3d Cir. 1993)).

## II.

We must decide whether the District Court (1) clearly erred when it denied Goode's motion to suppress evidence found on Goode's person, and (2) abused its discretion when it denied Goode's motion to compel the government to disclose the informant's identity. For the reasons that follow, we will affirm the judgment of the District Court.

## A.

We conclude that the District Court correctly denied Goode's motion to suppress the narcotics found on his person. Officer Woertz was acting lawfully when he administered a pat-down on Goode. Because Goode was not under arrest, the police only needed a reasonable suspicion that they were "dealing with an armed and dangerous individual" to "permit a reasonable search for weapons." Terry v. Ohio, 392 U.S. 1, 27 (1968). The required "level of suspicion" to meet this standard "is considerably less than proof of wrongdoing by a preponderance of the evidence." United States v. Sokolow, 490 U.S. 1, 7 (1989). The police here needed only "a particularized and objective basis for suspecting" that Goode was armed and dangerous. United States v. Cortez, 449 U.S. 411, 417 (1981) (citations omitted). To make this determination, "the totality of the circumstances—the whole picture—must be taken into account." Id.

Officer Woertz had at least a reasonable suspicion that Goode potentially was armed: The police had information from an informant that the sale of a gun was arranged, Goode was present at two meetings with the informant that day regarding that sale, the

4

informant indicated to police that there was a gun in the car with Goode, the vehicle Goode was in struck officers, and Goode refused police commands to exit the vehicle. Officer Woertz was therefore justified in conducting a pat-down on Goode to search for weapons.

We conclude, moreover, that Officer Woertz did not exceed the permissible scope of the Terry stop when he seized the narcotics found in Goode's pocket. "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons. . . ." Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). An officer "is allowed to slide or manipulate an object in a suspect's pocket, consistent with a routine frisk, until the officer is able reasonably to eliminate the possibility that the object is a weapon." United States v. Yamba, 506 F.3d 251, 259 (3d Cir. 2007). "If, before that point, the officer develops probable cause to believe, given his training and experience, that an object is contraband, he may lawfully perform a more intrusive search[,]" id., and will be justified in seizing any contraband he discovers, see Dickerson, 508 U.S. at 375-376.

During his pat-down of Goode, Officer Woertz felt packaging sliding through Goode's pocket, which he believed to be narcotics. As stated heretofore, Officer Woertz recognized the contraband by plain feel immediately because he had felt similar objects hundreds of times in the past while conducting pat-downs. Because the officer did not exceed the actions necessary to determine whether Goode was armed, he did not run

5

afoul of the Fourth Amendment. The District Court therefore did not err in denying Goode's motion to suppress.

Goode contends, however, that he was under *de facto* arrest when the police searched him, requiring probable cause. This contention fails. We have recognized that officers surrounding a car with their weapons drawn, shouting at the occupants and later handcuffing them, does not constitute a *de facto* arrest. United States v. Johnson, 592 F.3d 442, 447-448 (3d Cir.)(citations omitted), cert. denied, 130 S. Ct. 3346 (2010).

B.

Moreover, we conclude that the District Court did not exceed its discretion when it denied Goode's motion to compel the disclosure of the confidential informant's identity. The Supreme Court has held that the government's interest in its informant's confidentiality "must give way," Rovario v. United States, 353 U.S. 53, 61 (1957), only if the informant's identity is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause," Id. at 60-61. We have held that the defendant bears the burden of showing why he has a "specific need" for the disclosure of the informant's identity. United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981) (citations omitted). "[M]ere speculation" that the informant's testimony would be "helpful to [a] defendant's case is not sufficient." Id. (citations omitted).

Goode contends that he needed the confidential informant's testimony to establish that the police lacked probable cause to search Goode. Officer Woertz, however, did not need probable cause to search Goode. Reasonable suspicion was sufficient. Because the informant's testimony was neither relevant to Goode's defense nor necessary for a

6

determination of cause, the District Court did not exceed its discretion when it denied

Goode's motion.

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude

that no further discussion is necessary. The judgment of the District Court will be

AFFIRMED.